IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARCELL LAMONT MARTIN,   §<br>    Petitioner,   §<br>   §<br>v.   §<br>   §<br>NATHANIEL QUARTERMAN, Director,   §<br>Texas Department of Criminal Justice,   §<br>Correctional Institution Division,   §<br>    Respondent.   § | Civil Action No. 4:06-CV-788-Y |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Marcell Lamont Martin, TDCJ # 1193575, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On September 18, 2003, Martin pled guilty to capital murder in cause number 0807319D in

the 372nd Judicial District Court of Tarrant County, Texas, and was received a life sentence. *Ex parte Martin*, State Habeas Application No. 64-407-01, at 83. Martin did not directly appeal his conviction or sentence. (Federal Petition at 3.) Martin has filed two applications for writ of habeas corpus in state court challenging his conviction. The first, filed on October 3, 2005, was denied without written order by the Texas Court of Criminal Appeals on April 19, 2006. *Id*. at cover. The second application, filed on August 30, 2006, was dismissed as successive on October 4, 2006. *Ex parte Martin*, Application No. WR-64,407-02, at cover. As ordered, Quarterman has filed a preliminary response addressing only the issue of limitations.

D. ISSUES

Martin raises four grounds for relief in which he asserts that he was denied effective assistance of counsel, that his plea was involuntary and he is actually innocent, and that the trial court should have ordered a presentence investigation report as required by state and federal law. (Federal Petition at 7-8.)

E. STATUTE OF LIMITATIONS

Quarterman argues that Martin's federal petition for writ of habeas corpus should be dismissed with prejudice as time-barred. (Resp't Answer 3-5.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

2

United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[1] For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that Martin had for filing a timely notice of appeal on October 20, 2003,[2] and closed one year later on October 20, 2004, absent any tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Martin's state habeas applications, filed after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, Martin's federal petition filed on November 8, 2006, was filed beyond the limitations period

---

[1] There are no allegations that the state imposed an unconstitutional impediment to the filing of Martin's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Martin's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(C) do not apply.

[2] Thirty days after September 19, 2003, was October 18, 2003, a Saturday.

3

and is, therefore, untimely.[3]

## II. RECOMMENDATION

Martin's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 23, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

---

[3]Martin did not reply to Quarterman's preliminary response or otherwise assert justification for his failure to timely file his federal habeas corpus petition, and the record reveals none. Therefore, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 23, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 2, 2007.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE