IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARCELL LAMONT MARTIN,            §
                                  §
VS.                               §   CIVIL ACTION NO.4:06-CV-788-Y
                                  §
NATHANIEL QUARTERMAN,             §
Director, T.D.C.J.                §
Correctional Institutions Div.,   §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Marcell Lamont Martin under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 2, 2007; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 12, 2007.

The Court, after de novo review, concludes that the Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2), for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

Martin argues in his written objections that he is entitled to equitable tolling of the statutory limitations period because he was so highly medicated while incarcerated within the Texas Department of Criminal Justice (TDCJ), that "he did not even realize he was even incarcerated at TDCJ for almost two years."

(Objections at 3.) Thus, Martin contends that the medication made it impossible for him to timely file his petition. The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling.[1] But the burden is on the petitioner--here, Martin--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[2] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[3] Martin has not satisfied this burden. Other than stating conclusions, Martin has not submitted any documentation or independent evidence of his condition or the medications provided and their ongoing effect on him for the two-year period he claims to have been unable to file.[4] His objection must be overruled.

---

[1] *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[2] *See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

[3] *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999), *cert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

[4] *See generally Mathews v. Quarterman,* No.G-06-326, 2006 WL 3447733, at *3 (S.D.Tex. Nov. 27, 2006)(facts that petitioner under medical care and taking medication, without more, did not justify equitable tolling); *Fisher*, 174 F.3d at 715-16 (refusing to grant equitable tolling for a prisoner who was mentally ill and confined with no access to legal materials or eyeglasses, leaving him legally blind); *Aragon v. Dretke*, No.4:04-CV-607-Y, 2005 WL 43973 at *1 (N.D.Tex. Jan. 6, 2005)(petitioner not entitled to equitable tolling without evidence that claimed mental disability prevented him from understanding and asserting his legal rights during the relevant time period

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.  Marcell Lamont Martin's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED February 20, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

3